AMERICAN MILLS COMPANY *v.* AMERICAN SURETY COMPANY OF NEW YORK.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 118. Argued November 24, 1922.—Decided December 11, 1922.

1. In a suit to cancel a written guaranty for fraud, the defence that the plaintiff has an adequate remedy at law by defending actions brought by the defendant on the guaranty, is waived by the defendant where, without insisting upon it as he might, he introduces proof, under a counterclaim for the amount of the guaranty, putting the instrument in evidence. P. 363.
2. The provision of Equity Rule 30, that the answer must state any counterclaim arising out of the transaction which is the subject-matter of the suit, applies only to equitable, not to legal, claims. P. 363.

273 Fed. 67, affirmed.

CERTIORARI to a decree of the Circuit Court of Appeals, affirming a decree of the District Court which canceled a written guaranty for fraud.

*Mr. Henry Uttal* for petitioner.

*Mr. Wm. Marshall Bullitt,* with whom *Mr. Henry C. Willcox* and *Mr. Allan C. Rowe* were on the brief, for respondent.

Mr. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This case involves a question of procedure and turns on the construction of Equity Rule 30. An understanding of the point at issue requires a statement of the facts and the course of the litigation.

In September, 1918, the Hartenfeld Bag Company, which was in a failing condition, owed the American Mills Company, the petitioner, about $22,000, which it was unable to pay. The Mills Company and the Bag Company made a contract, the performance of which by the Bag Company the American Surety Company guaranteed. The contract recited that the Mills Company had paid in advance to the Bag Company $22,100 for which the Bag Company was to deliver certain merchandise within seventy-five days, and in default of this delivery, the money was to be returned. The Bag Company delivered only $1,050 worth of goods and then went into bankruptcy. The fact was that the Mills Company had never made the advance payment of $22,000 recited in the contract, but instead of that, some days after the execution of the contract, the Mills Company and the Bag Company exchanged checks for a little less than this amount in order to create the appearance of a genuine transaction. The effect of what was done was that the Mills Company received a guaranty from the Surety Company of a bad debt, while the latter company thought it was insuring the performance of a *bona fide* contract of sale and delivery of goods by the Bag Company for which that company had received the full purchase price in advance. In December, 1918, after demand for payment

and refusal, the Mills Company, a corporation of Georgia, sued the Surety Company, a corporation of New York, on its guaranty in a state court in Georgia and in a state court in Illinois. In March, 1919, the Surety Company, before appearing in the Georgia or Illinois courts, filed the suit at bar in a state court in New York against the Mills Company seeking to cancel the guaranty on the ground of fraud and to enjoin its enforcement. The Mills Company removed the cause to the equity side of the District Court below, and then filed an answer and counterclaim in which it denied the alleged fraud and pleaded as a separate and distinct defense, that the Surety Company had an adequate remedy at law by setting up the alleged fraud as an answer to the suits in Georgia and Illinois, and second, as " a separate and distinct counterclaim to the cause of action alleged in the complaint " set up the execution of the guaranty, the default thereunder, notice to the Surety Company, demand for payment, refusal thereof and a prayer for " judgment against the plaintiff, on defendant's counterclaim, for the sum of $21,050, with interest." Thereafter the Mills Company twice moved to dismiss the action on the ground that the plaintiff had an adequate remedy at law and these motions were denied without prejudice to such action as the trial court might deem advisable. When the cause came on for hearing the Surety Company introduced proof of the fraud. The Mills Company introduced no evidence on the issue of fraud but made proof of the execution of the guaranty and the facts subsequent thereto to show the liability of the Surety Company and put the contract of guaranty in evidence. The court directed that it be delivered to the clerk and impounded. After both sides had rested in the case, the court called for an argument on the law of the case, announcing with emphasis that the fraud had been clearly shown. The court entered a decree canceling the guaranty, holding

that the defendant had waived its defense that there was an adequate remedy at law and had thereby given the court of equity jurisdiction to grant the relief prayed for by cancelation of the guaranty. *American Surety Co.* v. *American Mills Co.*, 262 Fed. 691. On appeal, the decree was affirmed by the Circuit Court of Appeals, 273 Fed. 67.

It is conceded by the respondent that its bill in equity in the District Court should have been dismissed because it had an adequate remedy at law. The cases of *Insurance Co.* v. *Bailey*, 13 Wall. 616, 622, and *Cable* v. *United States Life Insurance Co.*, 191 U. S. 288, 306, 307, settle that. Respondent therefore relies solely on the waiver of this defect by the Mills Company in doing what it did in the District Court. A defendant in a bill of equity may waive such a defect. *McGowan* v. *Parish*, 237 U. S. 285, 295; *Re Metropolitan Railway Receivership*, 208 U. S. 90, 109, 110; *Hollins* v. *Brierfield Coal & Iron Co.*, 150 U. S. 371, 380; *Reynes* v. *Dumont*, 130 U. S. 354, 395; 1 Daniell's Ch. Pr. (4th Amer. ed.) 555.

Did petitioner waive it? It made the objection seasonably both by answer and by motions to dismiss. The motions were denied without prejudice to their renewal when the cause should come on for hearing before the trial court. The defendant instead of renewing its motion to dismiss or insisting on the sufficiency of the first defense of its answer, introduced proof of its right to an affirmative judgment for the full amount of the guaranty, putting the written instrument in evidence. This certainly constituted a waiver unless the contention of the defendant, the petitioner here, that Equity Rule 30 required it to put in proof of its claim on penalty of being barred from prosecuting it at law, is sound.

The relevant part of Rule 30 is as follows:

" The answer *must* state in short and simple form any counter-claim arising out of the transaction which is the

subject matter of the suit, and *may,* without cross-bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counter-claim so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims." (Italics ours.)

The petitioner argues that *must* and *may* are here set over against one another for the purpose of enforcing the intention and effect of the rule to require the defendant in an action in equity to set out any counterclaim arising out of the subject-matter of the bill, but to leave it to the option of the defendant whether a counterclaim or setoff not arising out of the same transaction shall be interposed or shall be prosecuted by independent bill. The respondent contends that while this may be correct, the counterclaim growing out of the same transaction must be an equitable claim and not a legal one as here. We concur in this view.

The new Equity Rules were intended to simplify equity pleading and practice by limiting the pleadings to a statement of ultimate facts without evidence and by uniting in one action as many issues as could conveniently be disposed of. But they normally deal with subjects-matter of which, under the dual system of law and equity, courts of equity can properly take cognizance. They certainly were not drawn to change in any respect the line between law and equity as made by the federal statutes, practice and decisions when the rules were promulgated. By the construction which petitioner would put upon Rule 30, it is an attempt to compel one who has a cause of action at law to bring it into a court of equity and then try it without a jury whenever the defendant in that cause can find some head of equity jurisdiction under which he can apply for equitable relief in respect of the subject-matter. The order of procedure as between the law and equity

sides in such cases always has been that the equity issue is first disposed of by the chancellor and then, unless that ends the litigation, the original plaintiff may have his action at law and his trial by jury secured him by the Seventh Amendment of the Constitution. *Liberty Oil Co.* v. *Condon National Bank, ante,* 235. Petitioner's construction of Rule 30 would deny the successful defendant in the equity action this right. Petitioner seeks to avoid the dilemma by the suggestion that the rule would be satisfied by merely pleading the action at law without proving it, but this would be futile. The counterclaim referred to in the first part of the paragraph must therefore be an equitable counterclaim, one which like the setoff or counterclaim referred to in the next clause could be made the subject of an independent bill in equity. The counterclaim and the setoff and counterclaim in the two clauses are *in pari materia,* except that the first grows out of the subject-matter of the bill and the other does not. That which grows out of the subject-matter of the bill must be set up in the interest of an end of litigation. That which does not, may be set up if the defendant wishes in one proceeding in equity quickly to settle all equitable issues capable of trial between them in such a proceeding, even though they are not related. *Buffalo Specialty Co.* v. *Vancleef,* 217 Fed. 91. The formality of cross-bills is not required, and the rule goes as far as possible to facilitate the prompt disposition of equitable controversies between the same litigants. The rule should be liberally construed to carry out its evident purpose of shortening litigation, but the limitation of counterclaims to those which are equitable is imperative. Equity Rule 30 was evidently suggested by Order XIX, Rule 3, of the English practice, but as the division between equity and law jurisdictions does not now obtain in the English courts, the English rule applies to all actions either at law or in

equity—Hopkins' Federal Equity Rules, 3rd ed., p. 195—
and consideration of it does not aid us in the question
we are discussing.

The result is that the petitioner as defendant was not
obliged to set up and prove its action at law under Rule
30, and when it did so, by its affirmative action, it waived
its previous objection to the equitable jurisdiction and
also its right of trial by jury. An analogous effect of
such affirmative action in pressing a counterclaim is seen
in *Merchants Heat & Light Co.* v. *J. B. Clow & Sons,*
204 U. S. 286, 289, 290, where a non-resident corporation,
having saved its right to object to the service of summons,
lost it, not by answer, but by a counterclaim.

*Decree affirmed.*