## GREENBERG v. PENNSYLVANIA TRUST CO. OF PITTSBURGH.

Circuit Court of Appeals, Third Circuit.
June 2, 1927.

No. 3599.

1. Bankruptcy ⟺287(3)—Suit to cancel bankrupt's deed for fraud and unlawful preference, and for accounting and appointment of receiver, held within equity jurisdiction of court (Comp. St. § 1244).

Suit by trustee in bankruptcy to cancel deed of bankrupt's real estate on ground of fraud and unlawful preference, and for accounting of profits and appointment of receiver of rents, *held* within equity jurisdiction of federal court, under Judicial Code, § 267 (Comp. St. § 1244), as against motion to transfer to law side of court.

2. Bankruptcy ⟺293(4)—Defendant's going to trial without objection held waiver of possible right to transfer cause to law side of court.

Where defendant, in suit to cancel bankrupt's deed on ground of fraud and unlawful preference, and for accounting and appoint-

ment of receiver, went to trial without objection or request, or even suggestion that cause be transferred to law side of court, she thereby waived any possible right to transfer.

**3. Trial ⚖️ 11(3)—Right to transfer cause to law side of court may be waived.**

Right to have cause brought in equity transferred to law side of court may be waived.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Suit by the Pennsylvania Trust Company of Pittsburgh, as trustee in bankruptcy of Jacob Marcus and Bennie Marcus, copartners trading as Marcus Bros., against Sarah Marcus Greenberg. Decree for plaintiff, and defendant appeals. Affirmed.

Lowrie C. Barton and Edward G. Coll, both of Pittsburgh, Pa., for appellant.

Thomas M. Benner, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the Court below the Pennsylvania Trust Company, trustee in bankruptcy of Jacob and Bennie Marcus, filed a bill in equity against Sarah Marcus Greenberg to cancel, on the grounds of fraud and unlawful preference, a deed for real estate made to her on March 25, 1924, by said bankrupts, who were her brothers. It also called for an accounting. To this bill the defendant answered, and the case went to trial on proofs made by both parties.

On December 31, 1926, the court filed an opinion wherein it made certain findings of facts and conclusions of law, which so far as here pertinent were that Jacob and Bennie Marcus were insolvent on January 1, 1924, and so continued until they were adjudged bankrupt; that there was no good or sufficient consideration for the deed; that the defendant at the time of the deed knew Jacob and Bennie Marcus were insolvent. Its conclusion of law was that the deed was made without consideration, that it was in fraud of creditors, and executed for the purpose of delaying, hindering, and obstructing creditors, and it was therefore null and void, and the plaintiff was entitled to have the property conveyed to it as prayed for in the bill, and that the defendant account for rents, issues and profits and pay the costs.

On January 17th following the defendant moved for a reargument, "in order that the question of the jurisdiction of the court may be raised under section 264 of the Judicial Code [Comp. St. § 1241]." A rule was granted on said motion, and thereafter the court discharged the same for the reasons stated in its opinion printed in the margin.[1]

1 The bill first sought a decree declaring the conveyance fraudulent, and in case of failure on that ground prayed that the deed be held a voidable preference under the Bankruptcy Act (Comp. St. §§ 9585–9656). In the answer filed the defendant averred: "Your defendant further represents that she is advised and believes that your honorable court has no jurisdiction to entertain this bill, in that it does not disclose any valid cause of action in equity, and she therefore prays that the said bill be dismissed." This jurisdictional question was not pressed, or even raised, at the trial; the parties proceeding to trial under the bill, which resulted in an opinion of the court declaring the deed a fraudulent conveyance as against the creditors of the bankrupts. Mr. Barton, the present counsel in this motion, was present during the trial of the case, but did not participate therein. He now files a petition on behalf of the defendant setting up that a court of equity was without jurisdiction to try the case and prays for a reargument, and that the case be certified by the court to the law side of the court, for trial. While under section 267 of the Judicial Code (Comp. St. § 1244), suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law, it is equally true that if the remedy at law is not plain, adequate, and complete, then, if the action is one cognizant in equity, the court of equity has jurisdiction. In this case the bill filed averred that the deed may constitute a fraudulent conveyance, and prayed for an accounting.

The defendant was in possession of the premises and while an action of ejectment at law would put the plaintiff in possession of the property, it would not do away with the cloud upon the plaintiff's title. In a court of equity the deed could be canceled on the ground of fraud and the plaintiff put in possession of the property, which would afford a more complete remedy than that afforded at law. It was said in City Railway Co. v. Beard (D. C.) 283 F. 313: "The adequate remedy at law, which will deprive a court of equity of jurisdiction, must be a remedy as certain, complete, prompt, and efficient to attain the ends of justice as the remedy in equity." It is held in Orr v. Peters, 197 Pa. 606, 47 A. 849, that equity has concurrent jurisdiction with law where property has been fraudulently conveyed or incumbered in order to defeat the claims of creditors. That a creditor will not be compelled to sell a doubtful title under proceedings at law, but the conveyance or incumbrance will be set aside.

There can be no question that the court had jurisdiction of the action and whether tried at law or in equity was in a sense a matter of procedure. The defendant having proceeded to trial without raising any question as to jurisdiction, although raised in her pleading, must be taken to have abandoned the question of want of jurisdiction and cannot be heard now to raise that question. In Chicago B. & S. Co. v. U. S., for use, etc., 261 F. 266,

A decree having been entered against the defendant, she took this appeal.

[1] Turning first to the question of whether the defendant is entitled to have the decree in equity vacated and the case sent to the law side of the court, we are of opinion it is not. The bill prayed for cancellation of a deed on the ground of fraud, for an accounting by defendant of profits received between date of conveyance and filing of the bill, for the appointment of a receiver to receive and hold the rents, etc., pending a decree. These and the consequent removal of the cloud on the title created by the alleged fraudulent deed, were all grounds of equitable jurisdiction. Pending the litigation a stipulation was entered into providing a basis of accounting by the defendant, if decreed, and interim possession by her, in order to restore to livable condition the building on the premises, which had been damaged by fire. By this stipulation the relief sought by a receivership was obviated, and the defendant enabled to remain in possession.

[2, 3] While, as seen by the opinion quoted, a general statement was made in the answer that the bill "did not disclose any valid cause

Circuit Court of Appeals of the Seventh Circuit, it was held: "Where the court had general jurisdiction of a cause, a defendant, which objected to its transfer from the equity to the law side on plaintiff's motion, and consented to and participated in its trial in equity, held estopped to challenge thereafter the jurisdiction in equity." To the same effect is Rosenthal v. Heller (D. C.) 266 F. 563.

It was held in McGowan v. Parish, 237 U. S. 285, 35 S. Ct. 543, 59 L. Ed. 955, that the right of defendant to object to equity jurisdiction on the ground that there is an adequate remedy at law may be waived. Even if the trial court might have dismissed the bill for want of jurisdiction of its own motion, if it did not do so, this court is not called upon to pass upon the question. To the same effect is Merchants' H. & L. Co. v. Clow, 204 U. S. 286, 27 S. Ct. 285, 51 L. Ed. 488. In this case, on certiorari to the Supreme Court American Mills Co. v. American Surety Co. which is reported at 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, the court in conclusion said: "The result is that the petitioner, as defendant, was not obliged to set up and prove its action at law under rule 30, and when it did so, by its affirmative action, it waived its previous objection to the equitable jurisdiction and also its right of trial by jury." Many other cases can be cited to the like effect.

It would be wholly unconscionable for a defendant to be permitted to go to trial with the hope of securing a decree in the proceeding in equity, and after failing in this regard to plead the want of jurisdiction and insist that the court should certify the cause to the law side of the court for another trial. This would be little less than a travesty in judicial procedure. The motion for a reargument is therefore refused.

of action in equity, and she therefore prays that the said bill be dismissed," the case went, without objection, to trial on proofs by both parties, and no request or even suggestion was made by the defendant, until after the court decided against her, that the cause should be transferred to the law side of the court. That she could waive this right by going to trial is shown by the cases cited in the opinion of the court, to which we add Hollins v. Brierfield, 150 U. S. 381, 14 S. Ct. 127, 37 L. Ed. 1113; and that she did waive it is shown by the acts of commission and omission here shown. The same principle of good faith and the early assertion of a right which equity imposes on a plaintiff rests on a defendant as well. Moreover, as we have seen, cancellation of the alleged fraudulent deed, removal of a cloud upon the title by this recorded deed, and the accounting prayed for, were all subjects of equitable jurisdiction, for which the plaintiff had no adequate remedy at law, so that, even without waiver, the defendant was not entitled, under the decisions of Pennsylvania affecting real estate (see Fowler's Appeal, 87 Pa. 449, followed in Orr v. Peters, 197 Pa. 614, 47 A. 849), to have the bill dismissed on the ground that plaintiff had an adequate remedy at law.

As to the assignments of error which concern admission of evidence and findings of fact, we may, without discussing them in detail, say that we find no error is shown.

The decree is therefore affirmed.