### FLEMING BROS. LUMBER CO. v. McDON-ALD AMUSEMENT CO.

District Court, D. Wyoming.   July 30, 1928.

No. 1766.

Dillon, Ellery & Spencer, of Cheyenne, Wyo., for plaintiff.

Reid & More, of Torrington, Wyo., for defendant.

KENNEDY, District Judge. The above-entitled cause is before the court upon motion of plaintiff to strike certain portions of defendant's answer. The suit is brought to foreclose certain mechanics' liens growing out of a contract for building a theater. One of the assignors of plaintiff was a surety upon the building contractor's bond, and the defendant by counterclaim in a portion of its answer attempts to set up a cause of action for damages growing out of alleged discrepancies and deficiencies on the part of the contractor chargeable likewise against his bondsmen.

The principal part of the motion to strike is directed to this so-called counterclaim, and the controversy arises between the parties as to whether or not such a claim as presented by the answer is properly a part of that pleading.

The question involves the construction of a portion of equity rule 30 (28 USCA § 723), which reads as follows:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the cross-claims."

The exact point presented is as to whether or not a strictly legal claim growing out of the same transaction as the matter in suit can be interposed as a counterclaim in the answer under equity rule 30, and from an examination of the authorities does not leave the question free from doubt. The matter has been considered by the Supreme Court in the case of American Mills Co. v. American Surety Co., 260 U. S. 360, on page 364, 43 S. Ct. 149, 151, 67 L. Ed. 306, where the language of the court spoken through Mr. Chief Justice Taft reads as follows:

"The petitioner argues that *must* and *may* are here set over against one another for the purpose of enforcing the intention and effect of the rule to require the defendant in an action in equity to set out any counterclaim arising out of the subject-matter of the bill, but to leave it to the option of the defendant whether a counterclaim or set-off not arising out of the same transaction shall be interposed or shall be prosecuted by independent

bill. The respondent contends that, while this may be correct, the counterclaim growing out of the same transaction must be an equitable claim, and not a legal one, as here. We concur in this view.

"The new equity rules were intended to simplify equity pleading and practice by limiting the pleadings to a statement of ultimate facts without evidence and by uniting in one action as many issues as could conveniently be disposed of. But they normally deal with subjects-matter of which, under the dual system of law and equity, courts of equity can properly take cognizance. They certainly were not drawn to change in any respect the line between law and equity as made by the federal statutes, practice and decisions when the rules were promulgated. By the construction which petitioner would put upon rule 30, it is an attempt to compel one who has a cause of action at law to bring it into a court of equity and then try it without a jury whenever the defendant in that cause can find some head of equity jurisdiction under which he can apply for equitable relief in respect of the subject-matter. The order of procedure as between the law and equity sides in such cases always has been that the equity issue is first disposed of by the chancellor and then, unless that ends the litigation, the original plaintiff may have his action at law and his trial by jury secured him by the Seventh Amendment of the Constitution. Liberty Oil Co. v. Condon National Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232. * * * Petitioner's construction of rule No. 30 would deny the successful defendant in the equity action this right. Petitioner seeks to avoid the dilemma by the suggestion that the rule would be satisfied by merely pleading the action at law without proving it, but this would be futile. The counterclaim referred to in the first part of the paragraph must therefore be an equitable counterclaim, one which like the set-off or counterclaim referred to in the next clause could be made the subject of an independent bill in equity."

This language would seem to indicate that a legal claim, as distinguished from what might be the subject of an independent suit in equity, cannot be interposed by way of counterclaim in an equity suit. The subsequent language of the court, however, found on page 366 of 260 U. S., 43 S. Ct. 149, 151, 67 L. Ed. 306, undoubtedly gives occasion for the dispute here. The opinion there reads as follows:

"The result is that the petitioner as defendant was not obliged to set up and prove its action at law under rule 30, and when it did so, by its affirmative action, it waived its previous objection to the equitable jurisdiction and also its right of trial by jury."

Montgomery in his Third Equity Practice, and Simpkins in his Federal Practice, have adopted the theory that a legal claim growing out of the same transaction as is involved in the equity suit is presentable by answer in the form of a counterclaim.

On the other hand, our own Circuit Court of Appeals, in the case of Hyde v. Blaxter, 299 F. 167, seems to have spoken to the contrary in discussing the decision of the American Mills Company Case, supra. Judge Lewis, in speaking for the court in the Hyde Case, at page 172 of 299 F., uses the following language:

"Furthermore, a proceeding under the statute to recover damages is an action at law and not a proceeding in equity, hence the lessor could not set up such a claim in his crossbill. Equity Rule 30 requires that a counterclaim cannot be set out in a cross-complaint, unless it be the subject of an independent suit in equity against the plaintiff. American Mills Co. v. Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306. For other cases in which the rule has been considered, see Victor Talking Machine Co. v. Brunswick-Balke-Collender Co. (D. C.) 279 F. 758. It is true that the crossbill in form seeks equitable relief in addition to the statutory damages, but the complaint and the answer thereto were of sufficient scope to enable the court to give the equitable relief to which either party might be entitled; and we think it clear that the substantive purpose of the crossbill was only for recovery of damages."

Whatever may be the personal views of this court, it would seem that we should be bound by the construction of our own Circuit Court of Appeals as to the ruling of the Supreme Court in the American Mills Case, which, it would appear, denies the right of the defendant to present a strictly legal demand by way of counterclaim in an equity suit. Until that court otherwise decides, the decision here will be in conformity with the construction given in the Hyde Case, which means that the motion to strike out that portion of the answer purporting to present the legal claim will be sustained, and other portions of the motion will be overruled.

An order may be presented accordingly, reserving to the defendant its proper exceptions, and allowing it 20 days within which to file an amended answer, if it may be so advised.