## DYKES v. WIDDOWS et al.

Circuit Court of Appeals, Eighth Circuit.
December 26, 1928.

Rehearing Denied March 27, 1929.

No. 8263.

Robert B. Keenan, of Tulsa, Okl., for appellant.

Frank T. McCoy, of Pawhuska, Okl. (John T. Craig, of Pawhuska, Okl., on the brief), for appellees.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

COTTERAL, Circuit Judge. The appellant, as receiver of the First National Bank of Barnsdall, Okl., has appealed from a judgment in an action of the appellees against him, requiring him to certify the allowance of their claim amounting to $4,312.63 and pay the same out of the assets of the bank. The important errors assigned are the striking of appellant's cross-bill and the rendition of the judgment.

The appellees instituted this action by a bill of complaint, in which they allege that the bank brought a former suit on July 28, 1924, against G. R. Little, in the district court of Osage county, Okl., wherein a receiver was appointed and collected the rentals amounting to $4,312.63 from certain real property

and deposited that sum in the bank; that on October 6, 1924, a decree was entered in that suit to the effect that the bank had theretofore dismissed the action, that Little was entitled to the immediate possession of the property, and had assigned those rentals to the appellees. An exhibit is attached to their complaint in the form of a certificate of the state court receiver, reciting that a person not named is a creditor of the bank in that sum and showing the receiver's assignment of the claim to them. They prayed a judgment in this case that they are the owners of the certificate, that the claim is valid, and that it be certified and paid out of the assets of the bank.

Appellant answered, admitting the main facts averred against him, including the refusal by him of the claim, but denying that the appellees have any valid claim against him, or right to share in the assets of the bank. By the way of a cross-bill (as he denominates it) in the same pleading, he alleged that by reason of the dismissal of the former suit in the state court Little became the owner of the fund in the hands of the receiver therein, that when that suit was commenced and appellant was appointed as receiver on June 4, 1926, the bank had large demands against Little, consisting of two notes for $500 and $17,859.50, respectively, and a demand of more than $51,000 arising from Little's guaranty of paper acquired from another bank; that any claim he had against the bank was subject to his debt; and that appellant credited him with the deposit of $4,312.63 immediately on the dismissal of the former suit.

The appellees moved to dismiss the cross-bill because the facts alleged were insufficient to constitute and were not a proper subject of a cross-bill or counter claim. The motion was sustained by the trial court and appellant excepted. The appellees then filed a reply, denying the invalidity of the order in the former suit.

At the trial of the cause, H. R. Little and F. T. McCoy were called as plaintiffs' witnesses. The former testified to the payment of dividends by the appellant. The latter testified that appellees were the owners of the claim in suit, that on October 16, 1926, they made demand on appellant to enter and certify the claim for payment, and this was refused on the following day. Appellant demurred to the testimony because it was insufficient to sustain the bill, there was no assignment of the claim from G. R. Little, the true owner of it, and the order in the former suit was void, as the appellees were not par-

ties and the assignment, if any, was in violation of the Statute of Frauds and therefore void. The demurrer was overruled and the court then announced a decree would be entered as prayed in the bill, to which an exception was allowed. An entry of May 31, 1928, shows the trial proceedings and the adverse judgment for the appellees, from which this appeal is taken.

The final order in the former case discharged the property from the custody of the receiver and confirmed the assignment by Little to appellees of the fund collected by the receiver. This was formally completed by his issuance and assignment of the certificate. The appellees do not claim more than that there was a determination that the fund belonged to them. In the brief of their counsel, it is said that the "judgment is set up in the bill merely for the purpose of establishing the authority of the state court receiver to transfer the certificate to appellees." The order was not and did not purport to be an adjudication that the claim was valid against the appellant, or was payable out of the assets of the bank. Appellant was therefore free in the present case to resist it on the ground it was not entitled to share in the bank's assets. As there was no claim that the fund should be paid as a priority, appellees stood as ordinary creditors, holding an assignment of funds deposited in the bank.

■ The record does not show on what ground the so-called cross-bill was stricken. From the brief of appellant's counsel it seems to have been due to the assumption that this was an equity suit in which a defense at law was not permitted. But this is a mistake, as an action by or against a receiver to establish a demand is one at law. 7 C. J. 845, 846, and cases cited. There was no sufficient reason for striking the defense interposed by the cross-bill, which was properly a portion of the answer. It is not denied that appellant, as he alleges, held the demands against G. R. Little, that the latter owned the deposit made by the state court receiver of the rental funds, and that later the title to it passed to the appellees. Nor is it denied that on the dismissal of the former suit, appellant credited the deposit on the demands of the bank against Little. This was in keeping with an approved practice. Auten v. U. S. National Bank, 174 U. S. 125, 19 S. Ct. 628, 43 L. Ed. 920. And it was expressly sanctioned by the Oklahoma procedure statutes, which entitle a defendant to plead as many grounds of defense, counterclaim, set-off, or for relief as he may have,

regardless of the assignment or death of the other party. Sections 273, 279, Comp. Okl. Stat. 1921. Certainly the appellees may not complain of the receiver's action.

We hold that appellant was entitled to plead the demands of the bank against Little and offer proof to support the defense for the purpose of defeating the claim of appellees. For this reason, it was error to strike that part of the answer denominated a cross-bill; and that order is reversed. It follows also that the judgment was erroneous. It is accordingly reversed, and the District Court is directed to grant a new trial of the cause.

### On Petition for Rehearing.

The appellees are entitled to some corrections in our opinion. The assignment of the claim in suit, designated as "Exhibit B," was executed by appellant, and not by the state court receiver. We found no beneficiary was shown therein, overlooking the name of that receiver in a disconnected position; but we are now satisfied the insertion of his name was intended. It is due appellees to state that the final order in the former suit of the bank recites they are, by virtue of the assignment of the rents, "the owners of and entitled to said money and are entitled to have the receiver forthwith pay said money to them." Finally, we accede to the contention this is a suit in equity, and not at law.

Exhibit B purports to certify to the satisfactory proof of the claim. But it is merely a further step in the confirmation to appellees of the rights of their assignor, G. R. Little, through the state court receiver, to this claim against the bank, subject to any defense against Little. There was no adjudication as to appellant, further than that the claim belonged to appellees. Regarding this as an equity suit, we withdraw our holding that it was one at law, and that the set-off was sufficiently pleaded under the state procedure.

Counsel for appellees again invoke the rule that a demand at law is not an available defense in a suit in equity. American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 308. And by the application of that rule they would deprive appellant of the benefit of the set-off and compel payment of their claim at the utter risk of failure to collect his demands against Little. But equity rule 30 affords a protection against that result in providing an answer may contain, without cross-bill, a set-off or counterclaim which might be the subject of an independent suit in equity, "so as to enable the court to pronounce a final judgment in the same suit." A set-off had its origin in equity, and is a defense, provided it rests on some equitable basis, for example, the insolvency of the debtor, or any circumstances rendering it probable the set-off may be lost, or other want of adequate remedy at law. 19 Ency. Pl. & Pr. 718, 719; 24 R. C. L. pp. 799, 804, 805.

We find no occasion for a rehearing, as all of the questions involved were presented on the original appeal. The District Court, on holding the cross-bill insufficient, should have granted appellant, in furtherance of justice, leave to amend his pleading to comply with equity rule 30. The orders heretofore made will stand, with the further direction to the District Court to grant him such leave to amend within a reasonable time, and thereafter to proceed consistently with this opinion. The costs of this appeal will be taxed to the appellant.

The petition for rehearing is denied.