**PEARCE et al. v. UNION NAT. BANK.**

District Court, N. D. Ohio, W. D.   January 26, 1929.

No. 665.

Marshall, Melhorn, Marlar & Martin, of Toledo, Ohio, for plaintiffs.

George E. Schroth, of Tiffin, Ohio, and Tracy, Chapman & Welles, of Toledo, Ohio, for defendant.

HAHN, District Judge. The defendant, on October 22, 1928, when this cause came on for trial, filed its motion to dismiss the cause, for the reason that the amended bill filed herein does not state facts sufficient to entitle plaintiffs to equitable relief. Prior proceedings in the case were, briefly, as follows:

Plaintiffs filed their bill September 1, 1926. The defendant, on September 21, 1926, filed a motion to dismiss on the ground, among others, that plaintiffs had a plain, adequate, and complete remedy at law. No action was taken upon this motion by the court, it being followed by the filing, with the consent of the defendant, on June 20, 1927, of the amended bill upon which the case is now pending. Instead of renewing this motion to dismiss, the defendant, on August 30, 1927, answered, denying the allegations of the bill, setting up new matters in defense and praying a judgment by way of counterclaim on the notes which form the subject-matter of the suit. The answer to the amended bill contained no allegations suggesting that the plaintiffs had a plain, adequate, and complete remedy at law. Plaintiffs, on November 3, 1927, moved to strike the counterclaim filed upon the ground that under equity rule 30 a purely legal counterclaim could not be maintained in an equitable action. The court, on May 12, 1928, sustained plaintiffs' motion, and the counterclaim was stricken from the files. Defendant had appeared and opposed the dismissal of the counterclaim both by oral argument and by brief, at all times asserting the propriety of the counterclaim under equity rule 30, and at no time questioning the equitable jurisdiction of the court. On October 18, 1928, a præcipe was filed asking that subpœnaes be issued for fifteen witnesses to appear on behalf of the plaintiffs at the trial, which was set for October 22, 1928. Thereafter, and when the case was called for trial, defendant filed the motion to dismiss, which is now before the court.

The amended bill charges that certain subscriptions to stock and the execution and delivery of certain promissory notes and a guaranty were induced by fraud of the defendant. Plaintiffs seek a cancellation of the notes, a rescission of the guaranty, and a money judgment for the amount paid on the stock subscriptions.

The subject-matter of the amended bill is within a recognized head of equity jurisprudence. Tyler v. Savage, 142 U. S. 79, 95, 12 S. Ct. 340, 36 L. Ed. 82; National Leather Co. v. Roberts (C. C. A. 6) 221 F. 922. In the latter case it was said: "However, a bill which seeks rescission on the ground of fraud is within a recognized head of equity jurisprudence." The amended bill is therefore not without color of equity jurisdiction, and this case falls into that class of cases where the defendant may waive its

right to a trial by jury and its right to have the case tried on the law side of the court. Accordingly, "the question whether the suit is rightfully brought on the equity side will not be raised by the court of its own motion, but must be presented by the defendant at the first opportunity." National Leather Co. v. Roberts, supra, at page 925 of 221 F.[1]

In Toledo Computing Scale Co. v. Computing Scale Co. (C. C. A. 6) 142 F. 919, on page 923 the court said:

"The right to a trial by jury when there is a suitable remedy at law is confirmed by Rev. St. § 723 (U. S. Comp. St. 1901, p. 582 [28 USCA § 384]). But that right is one which the defendant may waive; and he does waive it if he answers to the merits without claiming it."

Other cases of our own Circuit Court of Appeals bearing upon the question are: Audit Co. of New York v. City of Louisville, 185 F. 349; Corbett v. Winston Elkhorn Coal Co., 296 F. 577, 586; Elkhart Carriage & Motor Co. v. Partin, 9 F.(2d) 393.

In Adams v. Clarke (C. C. A. 9) 22 F. (2d) 957, and 958, the court said:

"But however that may be, defendants did not present to the lower court their request for a transfer to the law side until after the cause was actually called for trial upon the equity calendar, and we think they thus waived such right, if any, as they may have had."

See, also, Greenberg v. Pennsylvania Trust Co. (C. C. A.) 19 F.(2d) 824; Rosenthal v. Heller (D. C.) 266 F. 563.

American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, closely resembles this case. That was a suit to cancel a written guaranty for fraud. The defendant objected to the equitable jurisdiction of the court, both by motion to dismiss and by answer. The defendant counterclaimed for the amount of the guaranty. The court said:

"Did petitioner waive it? It made the objections seasonably both by answer and by motions to dismiss. The motions were denied without prejudice to their renewal when the cause should come on for hearing before the trial court. The defendant instead of renewing its motion to dismiss or insist-

ing on the sufficiency of the first defense of its answer introduced proof of its right to an affirmative judgment for the full amount of the guaranty, putting the written instrument in evidence. This certainly constituted a waiver unless the contention of the defendant, the petitioner here, that Equity Rule 30 required it to put in proof of its claim on penalty of being barred from prosecuting it at law, is sound."

The court held that the defendant in that case proceeded upon an erroneous assumption when it introduced proof and put the written instrument in evidence; but held that this erroneous assumption of the defendant did not relieve its act from its legal consequences, and held that the defendant had waived its right to a trial by jury.

■ In this case the defendant seasonably presented the issue as to whether or not the original bill presented a question for the equitable cognizance of the court. It consented to the filing of the amended bill, to which no motion to dismiss was interposed. Upon the assumption that it was entitled to do so, the defendant interposed a legal counterclaim; and, when it encountered an adverse ruling as to its right to interpose such counterclaim, it attempted to retrace its steps and to file the motion to dismiss which we have under consideration. This we think the defendant could not do, under the authorities above cited and many others.

The legal effect of defendant's acts was to waive its right to a trial by jury. Under the case cited above, Toledo Computing Scale Co. v. Computing Scale Co., it waived its right to trial by jury when it answered. Referring to the case last cited, counsel for the defendant say: "It does not appear when the objection was raised in this case; but it seems fair to assume that it was done on appeal. Further, the court held that there was no adequate remedy at law." However, whether or not this comment of counsel is well taken (which we do not determine), we would be justified in following that case in this case. But in this case the defendant went further. As shown above, its motion to dismiss was not filed until upon the day when the case was set for trial and fifteen witnesses had been subpoenaed on behalf of the plaintiffs. This constitutes a waiver under the case of Adams v. Clarke, supra, where the court held that, where the defendant did not file its motion for a transfer to the law side until after the cause was actually called for trial upon the equity calendar, the defendant waived its right to such transfer. The applicable principles are discussed in 3

---

[1] It may be that there is no longer a requirement that the bill be with color of equity jurisdiction. In American Mills Co. v. American Surety Co., 260 U. S. 360, 363, 43 S. Ct. 149, 67 L. Ed. 306, 308, the court held a trial by jury was waived where it was conceded that the bill should have been dismissed because plaintiff had an adequate remedy at law.

Cyclopedia of Federal Procedure, pages 139 to 143.

The motion to dismiss will be overruled. An order may be drawn accordingly.