### ELLIOTT v. NOWATA OIL & REFINING CO.

Circuit Court of Appeals, Tenth Circuit. December 28, 1929.

No. 137.

Neal E. McNeill, of Tulsa, Okl., for appellant.

Richard K. Bridges, of Tulsa, Okl. (H. W. Randolph, John A. Haver, and Randolph Shirk, all of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge. The appellant, defendant in the District Court, complains of an order striking his amended answer and cross-petition, and of a decree, in favor of the plaintiff, Nowata Oil & Refining Company, directing him to execute and deliver to that company an assignment of a half interest in an oil and gas lease.

As ground for that relief, it was alleged in the bill that the company purchased a certain lease; that defendant, the president, and H. R. McGill, the treasurer, of the company, having the management and control of its business, were trusted to obtain the title to the lease for the company; that the defendant induced the execution of the lease to him and McGill, to each an undivided half interest; that the company paid the entire consideration for the lease and they had no ownership therein; that the company, after installing a new manager, demanded a transfer of the lease by them to the company, and McGill complied, transferring a half interest therein to the company, but appellant, while claiming no interest in the lease, arbitrarily refused to transfer the other half interest to the company.

By his answer, the appellant alleged that the title to the lease was taken in the name of himself and McGill for advantageous handling in accordance with the general policy of the company; that he was the general attorney of the company, and acted as its counsel and legal advisor in drawing the papers, examining the abstracts, and attending to all matters in connection with the purchase of the lease; and that he holds the same for the general balance due him as an attorney, not only for his professional services in that connection, but for other services rendered to the company. He asserted a general and retaining lien against the property for his services in the sum of $5,000. He described the additional services, and alleged certain outlays were made by him for the company; that, after his resignation as president, McGill became manager of the company and

promised but did not make settlement of his demands.

By his cross-petition, appellant repeated the averment of his services, and claimed a lien for $5,000 on the lease for his services connected with it, and for $18,170 on account of other services; and he prayed a judgment for both, that the same be decreed a lien on the lease, that the lease be sold, and the proceeds applied to his demands.

The District Judge, in passing upon the motion to strike and rendering a decree for the appellee, ruled that the appellant's demands arose at law and were presented in contravention of Equity Rule 30, and further that the lien claimed did not fall within either class of attorney's liens allowable in Oklahoma—the statutory charging lien which attaches to money or property in litigation, and the possessory or retaining lien attaching to documents, papers, or property in actual possession, as recognized at common law.

■ Appellant was not entitled to a special or charging lien as conferred by sections 4100 to 4103, of the Compiled Oklahoma Statutes 1921. Those sections show clearly the lien must arise from services in the suit or litigation where the attorney renders his services. There was no suit or litigation over the lease and the statutes are inapplicable.

■ The alleged lien is therefore dependent on a right to the possession or retention of property. Counsel for appellant relies upon certain decisions of the Oklahoma courts, from which he seeks to deduce a general rule that an attorney has a lien on the property or money of his client in his hands or under his control. But the rule there announced is not so broad, and sustains a lien in favor of the attorney only on the client's documents or other property *coming into the attorney's hands professionally,* securing both the fees earned in the particular case and in other cases. State v. Dyer, 126 Okl. 260, 259 P. 212. See 6 C. J. 765 to 767.

The lien in the Dyer Case was held to be dependent on the possession of a note for collection, and that is far different from the facts averred in this case, to the effect that the appellant merely held the legal title to the lease as a means of advantageous control of it for the company. There is no claim that he ever had the possession or control of the property.

The decisions of the Supreme Court, in McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746, and Ingersoll v. Coram, 211 U. S. 335, 29 S. Ct. 92, 53 L. Ed. 208, are also cited in support of the lien. But neither of those cases sustains his contention. They involve liens on property in litigation. This lease was held by appellant as trustee and in a manner wholly disconnected from the rendition of professional services. The other citations of appellant are subject to the same comment that a mere trustee, holding the legal title to property, not for the purpose of professional services in relation to it, may not subject it to a lien therefor; and we find no contrary authority. It is his absolute duty to reconvey the interest he holds in the lease to the company for which he holds it.

■ The appellant has mere demands at law for his services. We hold they were not proper subjects of counterclaim in this equity suit. American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306; Moore v. New York Cotton Exchange, 270 U. S. 593, 46 S. Ct. 367, 70 L. Ed. 750, 45 A. L. R. 1370. But the decree of the District Court should have been in terms without prejudice to suit at law for the collection of those demands. With this modification, the decree is

Affirmed.