**NAIVETTE, Inc., v. PHILAD CO. et al.**

**No. 5794.**

Circuit Court of Appeals, Sixth Circuit.

Dec. 18, 1931.

See, also (C. C. A.) 54 F.(2d) 623.

Marston Allen, of Cincinnati, Ohio (Pennie, Davis, Marvin & Edmonds, of New York City, Kwis, Hudson & Kent, of Cleveland, Ohio, and W. Brown Morton and E. H. Merchant, both of New York City, on the brief), for appellant.

Morris Kirschstein, of New York City (Harvey R. Hawgood, Hawgood & Van Horn, and T. Paul Titus, all of Cleveland, Ohio, on the brief), for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

The District Court granted a motion to dismiss defendant's counterclaim, basing its decision upon the ground only that the cause of action therein alleged was not germane to the cause of action set forth in plaintiff's bill of complaint. This basis of decision was, we think, founded upon a misconception of the proper scope and effect of Equity Rule 30 (28 USCA § 723). See American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306. Compare, also, Moore v. New York Cotton Exchange, 270 U. S. 593, 609, 46 S. Ct. 367, 70 L. Ed. 750, 45 A. L. R. 1370; Le Sueur v. Manufacturers' Finance Co., 285 F. 490, 495 (C. C. A. 6); Wire Wheel Corp. v. Budd Wheel Co., 288 F. 308 (C. C. A. 4); Krentler-Arnold Hinge Last Co. v. Leman, 13 F.(2d) 796 (C. C. A. 1).

Since the other chief ground asserted by plaintiff for dismissal of the counterclaim, that it alleged a cause of action at law, and not in equity, may, even if well founded, be fully met by amendment, and since we think that opportunity for such amendment should be allowed, the true facts permitting, the judgment of the court below is reversed, and the cause is remanded for further proceedings consistent with this opinion.