**GENERAL FELT PRODUCTS, Inc., v. SARANAC MACH. CO., Inc.**

No. 76.

Circuit Court of Appeals, Second Circuit.

Nov. 21, 1932.

Wilber, Norman & Mosher, of New York City (Hugart F. Norman, of New York City, of counsel), for appellant.

Henry Arthur Smith, of Brooklyn, N. Y. (George E. Hodes, of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This suit against a foreign corporation was instituted in the state Supreme Court. A warrant of attachment was issued against a machine sold under contract. The suit was removed to the District Court for the Eastern District of New York. The affidavit upon which the attachment was issued alleged a cause of action "for the recovery of a sum of money only, as damages for a breach of express contract other than a contract to marry, and that the said cause of action arose from and is based upon the following facts." The facts were then set forth. The complaint alleged a cause of action for breach of the warranties contained in the contract and asked for its rescission and return of the price paid.

The machine sold was used for the manufacture of paraffine paper. It was claimed that it did not produce paper of a quality equal to the samples submitted and at the speed represented. The suit was tried before a court without a jury as an equity cause. We think the evidence warranted the trial judge in concluding that the machine did not do the work of the quality and at the speed represented and that there was a breach of the sale contract.

It is now claimed that the complaint should have been dismissed because the appellee had an adequate remedy at law and should not obtain redress in an equity suit. Whatever may be the merits of this claim, we think the appellant waived its right to a trial at law by jury by answering and proceeding without objection before a judge. Equity Rule 22 (28 USCA § 723) declares that "If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential."

But the Supreme Court has recently held that a defendant might waive this right. Schoenthal v. Irving Trust Co., 287 U. S. ——, 53 S. Ct. 50, 77 L. Ed. ——, decided Nov. 7, 1932. See Amer. Mills Co. v. Amer. Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306; Reynes v. Dumont, 130 U. S. 354, 395, 9 S. Ct. 486, 32 L. Ed. 934. The appellant proceeded to trial, raising no objection. Nor did it make a motion to transfer the cause from the equity to the law side. There was no plea of an adequate remedy at law. Appellant invoked the jurisdiction, asking affirmative relief. We think all this was a waiver of the defense it might have pleaded of an adequate remedy at law.

Errors are assigned as to the admission of correspondence between the parties. These letters were admissible. The statements of employees, who were sent to make the machine work more efficiently, as to what they ascertained, were competent. Their testimony was material in establishing that the machine did not work as represented by the contract of purchase.

Decree affirmed.