**SABINE HARDWOOD CO., Limited, v. HOUSTON OIL CO. OF TEXAS et al.**

**No. 8163.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1937.

E. E. Easterling, W. D. Gordon, and Thos. J. Baten, all of Beaumont, Tex., Ocie Speer, of Austin, Tex., and James F. Parker, of Kountze, Tex., for appellant.

Fred L. Williams and Jesse J. Lee, both of Houston, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from an order overruling appellant's motion to transfer the cause to the law docket, and dismissing the cause without prejudice. This is the record.

Appellant, on July 5, 1934, with two others, brought this suit by bill in equity praying for the appointment of receivers for and for injunction as to the Arriola League of land in Hardin county, Tex., for an accounting for the minerals and timber taken therefrom by defendants, and for other equitable relief. While gone into in much detail, this in substance is what was alleged:

(1) That the bill is predicated upon a violation of the Fourteenth Amendment.

(2) That by a judgment against the unknown heirs of Edwardo Arriola plaintiff became vested with an indefeasible title to the land.

(3) That while a contest in a suit brought by complainants against respondents was in progress in the district court of Hardin county, Tex., the respondents in this suit upon an ex parte application, obtained from the Supreme Court of Texas a writ of prohibition and injunction against the District Judge and the complainants in that cause, restraining them from proceeding further in it.

(4) That thereafter, at a hearing on notice the Supreme Court made the writ of prohibition permanent, on the ground that in a previous suit appealed to and affirmed in the Supreme Court, the title of respondents had been established and confirmed as against complainants.

(5) That not only was the judgment of the Supreme Court wrong because at

the time of the earlier adjudication complainants had not acquired their judgment against the unknown heirs of Arriola, but it was wholly void and without effect for want of jurisdiction under the Constitution of Texas.

(6) That because of this judgment and order of the Supreme Court, though it was void, complainants have been barred from asserting their just claims against respondents in the Texas state courts, and are compelled to resort to the federal courts to protect their constitutional rights.

(7) That complainants are invested with the fee-simple title and ownership of the land and respondents have seized and appropriated vast quantities of merchantable pine timber and oil growing and being on and under said land.

(8) That the situation renders it impossible to award adequate relief to complainants as matter of law, wherefore the aid of a court of equity is essential, in accordance with the subjoined prayers of the bill to afford complainants protection.

(9) That injunctive relief would not be adequate or sufficient, and that a receiver should be appointed.

The bill concluded with eight prayers, the first, second, and third for a temporary restraining order, a temporary injunction, and the appointment of receivers; the fourth, that upon final consideration of the cause they have a decree forever enjoining the respondents and each of them from asserting any right, interest, or claim under and by virtue of the writ of prohibition aforesaid.

The fifth prayed for a final order and decree, fixing and establishing their just right and title to the land in controversy, and awarding such other relief as is meet and agreeable with equity.

The sixth and seventh prayers were for an accounting as to the timber and oil; the eighth, a prayer for general equitable relief.

On July 12, 1934, the application for injunction and for a receiver was set for hearing for the first day of the Beaumont term in October, 1934. On October 6, 1934, defendant moved to dismiss for want of the requisite diversity of citizenship to give jurisdiction, and on the ground that there was no equity in the bill. On October 12, 1934, all complainants except appellant were dismissed from the cause. On October 18, 1934, appellant filed an amended bill, which, though somewhat more extended than the original, was in its allegations and its prayers in substance and effect the same.

On September 23, 1935, defendants filed a full answer, setting up among other things, as a bar to plaintiff's suit the writ of prohibition issued out of the Supreme Court of Texas against suing defendants for or on account of said land.

On January 20, 1936, the parties filed agreements as to and for the use of evidence in the cause, the effect of which was to make a record as to plaintiff's claim of title, presenting no disputed issues of fact, but simply questions of law.

On March 10, 1936, Judge Bryant entered his disqualification. On March 16, defendant filed a supplemental answer, pleading expenditures in good faith. On March 17, the cause came on for hearing before Judge Atwell, who, after hearing motions to dismiss for want of equity, and concluding that there was equity in the bill, set it down for trial on April 14.

On April 13 appellant filed its motion to transfer to the law docket.[1]

On April 14, 1936, the District Judge overruled the motion for transfer. Thereupon appellant excepted to the order, and in open court stated that it would rest upon its exception to the ruling of the court, refusing the transfer, and would offer no evidence. The order of dismissal followed.

Here appellant argues that despite the pains it had been at to sound its case in

---

[1] "Motion to Transfer to Law Docket.
" * * * To the Honorable District Court:
"The complainant respectfully suggests to the court that this cause, under the pleadings, constitutes an action at law and that the same should be transferred to the law docket, and accordingly moves the court for such an order in order that the case may be proceeded with as a law action pursuant to the Federal Constitution and the judicial code. And because the cause of action here asserted is one at law and not in equity, although the incidental equitable grounds set forth in the complainants' petition are dependent upon its legal title and right of recovery at law, and are only ancillary thereto, the complainant here withdraws its prayer for injunction and receivership during the pendency of this suit and stands upon its legal remedies incident to the law action."

equity, and by its bill to give the action the character and appearance of such a suit, it failed to do so. That it had in fact presented merely a law action, the equivalent of a specially pleaded action in trespass to try title. It insists, therefore, that the pleading standing thus, it was the duty of the court to transfer the cause to the law docket on which it really belonged, and not to proceed further in it as in equity.

Appellee urges that because of the writ of prohibition appellant lay under, no cause of action either at law or in equity was or could be, stated by it, and its action had no proper place on either docket. Insisting, therefore, that the District Judge was right in his view that as complainant had sought to state it, if he stated any cause of action at all, it was in equity, they urge that if he was mistaken in this view, there was no error, in any event, in refusing to transfer, for in view of the final judgment of the Supreme Court of Texas, determining its own jurisdiction, and issuing its writ of prohibition accordingly, which judgment complainants accepted without undertaking to obtain certiorari, or other relief from the Supreme Court of the United States, the action was certainly not maintainable at law, and therefore had no place on either side of the docket. America Land Co. v. City of Keene (C.C.A.) 41 F.(2d) 484; White v. Sparkill Realty Co., 280 U.S. 500, 50 S.Ct. 186, 74 L.Ed. 578; Shapiro v. Lyle (D. C.) 30 F.(2d) 971; Stevenson v. Holstein-Friesian Ass'n (C.C.A.) 30 F.(2d) 625.

Finally, they insist that if the petition did state a cause of action at law, it stated one which could be as well tried in equity, and the motion for transfer having been deferred until proofs had been taken, and the cause was set for trial on stipulations as to appellant's title which presented only questions of law, appellees had waived and could not complain of the denial of, any right they may have had to a transfer. Pearce v. Union Nat. Bank (D. C.) 33 F.(2d) 997. Arkansas Anthracite Coal & Land Co. v. Stokes (C.C.A.) 277 F. 625; Strauss et al. v. U. S. Fidelity & Guaranty Co. (C.C.A.) 63 F.(2d) 174;

General Felt Products, Inc. v. Saranac Mach. Co., Inc. (C.C.A.) 61 F.(2d) 857.

They say further that the exercise by the court of its discretion in refusing to transfer such a case could not constitute error. American Trust Co. v. Butler (C. C.A.) 47 F.(2d) 482.

Appellant, in opposition to these views, insists that under Liberty Oil Co. v. Condon Nat. Bk., 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232, the transfer was mandatory and not discretionary with the court. It insists too, on the authority of Quality Realty Co. v. Wabash Ry. Co. (C.C.A.) 50 F.(2d) 1051; Schoenthal v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185, and Wood v. Phillips (C.C.A.) 50 F.(2d) 714 that what was done here did not constitute a waiver by it of its right to transfer.

In view of the circumstances under which the order was made, of the fact that it was without prejudice, and of our opinion that as appellant's suit was brought by it, it was properly on the equity side, we find it unnecessary to consider or determine as appellees urge us to do, whether because of the final judgment of the Supreme Court of Texas against it plaintiff's case was not fatally deficient both at law and in equity. It is sufficient to say that appellant, having brought its suit in equity, and having without amending its pleadings or in any other manner undertaken to state its case as a law action, could not after the cause had been two years on the equity docket and had been prepared by stipulation for trial, for a certain day, and after a motion to dismiss it for want of equity had been overruled, force the transfer of it to the law docket by motion filed the day before the trial date. Having invoked the equity jurisdiction and waited as it did until the day of trial, it is in no condition to complain of the court's refusal to transfer a cause, which presenting only law points, could have been tried as well in equity as in law. Schoenthal v. Irving Trust Co. and the other cases cited by appellant are not in point with the facts of this case. Nothing in them affects these conclusions.

We find no error in the judgment. It is affirmed.