### UNION CENTRAL LIFE INS. CO. v. BURGER et al.

District Court, S. D. New York.
March 14, 1939.

House, Grossman, Vorhaus & Hemley, of New York City (David Vorhaus and Sidney Greenman, both of New York City, of counsel), for plaintiff.

Joseph Burger, of New York City, for defendants.

COXE, District Judge.

These are motions by the defendants (1) to dismiss the complaint for insufficiency, and (2) for an order granting a jury trial.

The suit is in equity to cancel and rescind a life insurance policy for false representations and false warranties, and on the further ground that the insured was not in good health when the policy was delivered.

The complaint alleges that the policy was issued on Sept. 30, 1936, and contains a clause making it incontestable after two years from the date of issue; that the plaintiff has been advised that the insured died on March 10, 1938; and that "no action has been commenced against the plaintiff on said policy and that plaintiff has no adequate remedy at law". The present suit was commenced on Aug. 25, 1938.

The defendants in their answer not only deny the material allegations of the complaint but also set up a counterclaim, in which affirmative judgment is asked for the amount of the accrued benefits under the policy. There is attached to the answer a demand that "all issues raised herein shall be tried by the jury". The plaintiff has replied joining issue on the counterclaim.

■ The motion to dismiss is based on the contention that the complaint should have alleged in so many words that the benefi-

ciaries might delay the commencement of action until after the period of contestability had expired. What such an allegation would have added to the pleading is not apparent. The complaint alleges facts showing that the policy will become incontestable on Sept. 30, 1938; it also alleges that, although only a little over a month remains of the period of contestability, the beneficiaries have brought no action on the policy. I think this is clearly enough to support an equity suit for cancellation and rescission. American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268.

■ The motion for a jury trial remains for consideration. Under the old Equity Rule 30, 28 U.S.C.A. following section 723, a defendant in an equity suit was not obliged to set up a legal counterclaim, but if he did so and went to trial, he was held to have waived a jury trial. American Mills Co. v. American Surety Co., 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306. Rule 13(a) Rules of Civil Procedure, 28 U.S.C.A. following section 723c, now makes it compulsory to plead a legal as well as an equitable counterclaim "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" (see Notes of Advisory Committee on Rules). The defendants were, therefore, required to set up their legal counterclaim in the answer. In thus doing what they were compelled to do, I do not think that they should be held to have waived a jury trial. It has, however, always been recognized that in cases of this kind, the equity issue should be disposed of first; Jefferson Standard Life Ins. Co. v. Keeton, 4 Cir., 292 F. 53; American Mills Co. v. American Surety Co., supra, 260 U.S. at page 364, 43 S.Ct. at page 149, 67 L.Ed. 306. This probably will determine all of the issues in the case. If it does not, the defendants may proceed with their law action on the counterclaim.

The motion to dismiss the complaint is denied. The motion for a jury trial is also denied with permission to proceed at law in the event that the trial of the equity issue does not end the litigation.