In re Alphonzo Prescott ROBINSON, Debtor.

Alphonzo Prescott ROBINSON, Plaintiff,

v.

BENEFICIAL FINANCE COMPANY OF VIRGINIA, Defendant.

Bankruptcy No. 7–81–00200.
Adv. No. 7–81–0470.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

April 5, 1982.

John H. Kennett, Jr., Roanoke, Va., for plaintiff/debtor.

Martin R. Willis, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The Defendant, Beneficial Finance Company of Virginia, filed Motion that the Judgment Order of this Court dated February 24, 1982, be reconsidered and that a new trial be granted upon the grounds of after-discovered evidence pursuant to Rule 923 *Federal Rules of Bankruptcy Procedure* and Rule 59 *Federal Rules of Civil Procedure.* The Court having heard said Motion and arguments of counsel thereon finds that the Motion should be denied.

■ The Defendant claims that the Court was in error in deciding the validity of the Defendant's claim for a deficiency filed following repossession of the vehicle. The complaint filed herein sets up the claim of the Defendant filed with the Court in Paragraph (2) as a general unsecured claim representing the deficiency. Paragraph (3) of the complaint alleges the wrongful repossession and liquidation. It also sets up the affirmative recovery sought in the amount of $884.00 representing the inventory. The complaint frames an issue that the Plaintiff is entitled to an affirmative recovery for the $884.00 plus the garage bill of $438.27. The responsive pleading by the Defendant in Paragraph (F) affirmatively places in issue the repossession and liquidation of the collateral resulting in the deficiency. The amended answer filed on January 22, 1982, in addition to the justification of the Defendant's manner of proceeding, alleges that the Defendant, Beneficial, is entitled to set-off any claim of Plaintiff by the deficiency. This further puts into issue the deficiency claim asserted by the Defendant and dealt with by the Court. The set-off or counterclaim is in the nature of a compulsory counterclaim or set-off and necessarily a part of the pleadings requiring resolution by the Court. *See*: Rules 12 and 13 *Federal Rules of Civil Procedure* and Rules 712 and 713 *Federal Rules of Bankruptcy Procedure.* Also *American Mills Co. v. American Surety Co.*, 1922, 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306 holds failure to so consider bars any future claim. Accordingly, the Motion to Reconsider upon the foregoing is denied.

■ The Defendant further moves for a new trial in that the Defendant wishes to introduce after-discovered evidence relevant to the personal property allegedly converted by the Defendant and its value. The Defendant sets forth in its Motion that it

has found an additional witness, being the party purchasing the motor vehicle. The Defendant further alleges that the witness Hubert Stephen Barton could not be contacted since he had a case pending before this Court. In connection with the allegations set forth in the Motion for New Trial, the allegations do not meet the standard required. The name of the purchaser and substance of the witness's testimony was known to the Defendant prior to the trial of this adversary proceeding. The alleged witness not only stored the vehicle on his premises before sold but actually purchased the motor vehicle from the Defendant. The stay alleged by the Defendant as an impediment to interviewing the said witness could have been either relieved by the Court upon proper proceedings or upon proper motion, the Court could have subpoenaed said witness to give testimony at the trial. See 11 U.S.C. § 362.

In this Court, as in other courts, motions for a new trial must comport with proper standards and meet the requirements of the rules. *See* Rule 59 *Federal Rules of Civil Procedure*, 923 *Federal Rules of Bankruptcy Procedure*. In 58 Am.Jur.2d *New Trial* § 167 it is stated: "To be entitled to a new trial upon the ground of newly discovered evidence, the applicant must show that the evidence upon which he relies was in fact newly discovered or unknown to him until after the trial." The Defendant knew that Barton had purchased this vehicle and in seeking evidence to dispute the Debtor's claim to property left in the trunk of the vehicle, could have ascertained the whereabouts of the vehicle or the contents of the trunk before trial of the case. The vehicle was at all times after repossession in the hands of Beneficial or its agents.

Accordingly, after careful consideration of said Motion, finding the same failing to meet the requirements of the rules, said Motion should be overruled and an Order will accordingly be so entered.

Service of a copy of this Memorandum Opinion is being made by mail to the Debtor; John H. Kennett, Esq., Counsel for the Debtor; Defendant; Martin R. Willis, Esq., Counsel for Defendant; and the trustee.