NORTH BRITISH & MERCANTILE INS. CO. v. LATHROP et al.

LATHROP v. NORTH BRITISH & MERCANTILE INS. CO.

(Circuit Court, E. D. Virginia. September 15, 1894.)

1. EQUITY—INJUNCTION—CROSS BILL—PRESUMPTION.
    Where an insurance company procures a temporary injunction in the
    United States court, which restrains a policy holder from suing on the
    policy until after the time limited thereby for such suit, and defendant,
    by cross bill, asks to recover the amount of the loss under the policy, the
    court will presume, in determining whether such affirmative relief can
    be granted in equity, that, if it denies such relief, a state court, in which
    an action at law on the policy would have to be brought, would enforce
    the limitation, notwithstanding the injunction, and defeat recovery.

2. SAME—JURISDICTION.
    Where an insurance company brings suit to enjoin an action on a
    policy, and procures a temporary restraining order, and, after the issues
    are settled and proofs taken, defendant files a cross bill, asking to re-
    cover the amount of the loss under the policy, on the ground that the
    time limited by the policy for bringing an action thereon at law has
    expired, such affirmative relief will not be denied defendant, on the
    ground that his demand is a legal one, of which equity has no jurisdic-
    tion.

3. SAME—JURY TRIAL—WAIVER.
    In such case the insurer waives the right to a jury trial by voluntary
    submission to the jurisdiction of a court of equity.

This was a bill by the North British & Mercantile Insurance Com-
pany against Kate M. Lathrop, trading, etc., and others, to enjoin
defendants from bringing an action on an award of appraisers of
loss sustained by fire, under a fire insurance policy issued by com-
plainant, etc. Defendant Lathrop filed a cross bill to enforce pay-
ment of the award, to which complainant demurred. Demurrer
overruled.

The original bill here was a suit by an insurer of fire risks against sun-
dry parties insured, of whom one only had an actual interest in this result.
The policy contained a provision that it should be entirely void in case of
fraud on the part of the insured. A fire occurred; and, in pursuance of a
provision of the policy, an appraisement was made, and an award rendered
by two of three appraisers, fixing the loss at a certain amount. To this
award the insurer objected, and filed its bill on the equity side of this
court, charging fraud in the appraisement, and praying the court to enjoin
the insured from bringing suit at law for the loss ascertained by the award,
and from applying for or procuring the sale of any bonds belonging to
the insurer on deposit with the treasurer of Virginia, as security for satis-
fying awards made against it for losses by fire. The bill also prayed for
disclosure and discovery. One of the judges of this court granted an order
temporarily restraining the insured from in any manner enforcing, or at-
tempting to enforce, the award that had been made in their favor,—that is to
say, from bringing suit at law,—and also from procuring the sale of bonds
held by the state treasurer in satisfaction of the award. The bill was
brought in October, 1892. In the November following, the answer was filed,
denying all the fraud charged, in general and in particular. The suit went
on in due course. Pleadings were matured, proofs all taken and concluded,
and the case made ready for a final hearing; when, on the 4th April, 1894,
the insured filed a cross bill in this suit, by leave of court, praying affirma-
tive relief and payment of the amount awarded by the appraisers. It is al-
leged in the cross bill, among other things, that the insured had been prevented
by the temporary restraining order of the court from suing at law upon the
award beyond the limitation of time for so suing stipulated in the policy,

and also by the fact that this court, having acquired jurisdiction of the question of the validity of the policy which is the basis of this suit, has exclusive jurisdiction of that question. The cross bill further alleges that if this court should merely dismiss the original bill, without decreeing the payment of the amount of the award, the expense and delay of an action at law to recover the money due would be thrown upon the insured; and that in such suit the insured would be resisted by a plea of limitation, founded on a provision of the policy, forbidding suit after one year from the time of the fire. The cross bill avers that it is the province of a court of equity, having charge of a controversy, to do full justice between the parties to it; and that it would be contrary to equity, and injurious and oppressive to the insured, for the insured to be required, at this stage of the proceedings, to institute a separate suit at law to recover what is due. The insurer demurred to the cross bill, relying—First, upon the ground that the claim of defendant is of a purely pecuniary nature, sounding in damages, for an alleged breach of contract only, and therefore, under the constitution and laws of the United States, cognizable and triable only in a court of common law, which this court has no jurisdiction to hear and determine; and, secondly, upon the ground that the claim of the insured under the award is subject to a limitation in the policy, which limitation is binding upon courts of equity, as well as of law.

Chas. S. Stringfellow, for complainant.

C. V. Meredith, for defendant Mrs. Lathrop

HUGHES, District Judge (after stating the facts). As to the question whether the limitation clause of the policy would defeat the insured if required to sue at law, it would certainly be competent for any other court but this, in which suit at law might be brought, to rule in favor of enforcing the limitation. Such court would be bound by no other consideration in favor of the insured than the comity due between courts; but no court can yield its convictions as to the force of a contract to any considerations of comity. I do not feel that this court has a right to presume that another court, in which suit at law might be brought by the insured, and the plea of limitation relied upon by the defense, would necessarily hold that the insurer was estopped from pleading the limitation. On the contrary, I think this court ought to presume the worst, to wit, that the limitation would be enforced. In contemplation of such a ruling, it would be contrary to equity for this court, after enjoining the insured from suing for a time beyond the period of limitation, to send him to a court of law to enforce his rights.

The authorities are very conflicting on the question whether a court of equity, having entertained a suit such as the one under consideration, through all its stages, until it is matured for hearing, and having found it necessary, in order to do full justice between the parties, to entertain a cross bill filed by the defendant, praying affirmative relief, is debarred from proceeding under the cross bill because it asserts a cause of action originally cognizable only in a court of law. These conflicting decisions seem to have arisen, to a greater or less extent, out of the peculiar and varying circumstances of the particular cases tried.

I do not think that there are any cases in the books in which the circumstances justifying a court of equity—after a protracted litigation, which has arrived at a stage for a decree, and full and com-

plete justice to all parties cannot be done except by admitting and considering a cross bill asking affirmative relief, involving a cause ·of action cognizable by a court of law—in retaining a suit, are so· strong and clear in favor of such a course as the case at bar. The complainant in the original bill came into court praying that the defendant might be enjoined from suing at law on the award by appraisers fixing the loss she had sustained. A temporary order was at once granted, denying to the defendant the privileges of the courts in the matter of suing for this loss. This injunction has been continued in force until the time within which suit at law can be brought under the policy has expired. Certainly, such a state of facts would, in ordinary cases, constitute an estoppel upon the complainant against objecting to the jurisdiction of the court which he has made the instrument of· such delay, and justify the interference of equity. As to the insured, who exhibits the cross ·bill, praying the affirmative relief to which he believes himself entitled, the very fact of presenting such a bill is a voluntary submission on his part to the jurisdiction of the court, and waiver of the right of trial at law.

Under the general principles of equity practice, the court would undoubtedly be, not only entitled, but bound, to entertain such a ·cross bill; and the simple question is whether, under all the circumstances of this case, the general principles of equity practice should govern, or whether a general rule, giving the right of trial by jury in common-law cases, should be enforced, in defeat of the equity jurisdiction. I think that this general rule, denying jurisdiction to equity courts in cases cognizable at common law, contemplates only original suits, and that it does not relate to proceedings arising incidentally in the regular course of equity causes. I think it would be, a harsh application of this rule to hold that after a suit in equity has gone through pleadings and proofs, and the rights of parties have been ascertained, and the cause made ready for final hearing, a cross bill, necessary to doing complete justice between all parties, should be rejected because it asserts a claim cognizable at law.

The provisions of the national constitution securing trial by jury in civil actions, and preserving ·the distinction between courts of law and equity, have for one of their objects the preservation of the equity jurisdiction, and not its destruction. To deny to courts of equity the power to entertain cross bills like the one in the case at bar would have the latter tendency. The constitution of the United States, in providing for courts of common law and equity, and in providing for "trial by jury in suits at common law," evidently contemplates original suits. · There is nothing in its gen- ·eral language on these· subjects which conveys the idea that in the collateral branches of suits in equity the courts of equity shall be debarred from doing full and complete justice between litigants under any circumstances. There is nothing in its language or its spirit to indicate an intention to take away from equity the decision of pecuniary questions arising incidentally in the. course of ·equity proceedings. The tendency of such a policy would be to

impair the equity jurisdiction, and not to preserve it. Congress seems to have construed the provision requiring trial by jury in all cases at common law as applying only to original suits. Its language in the judiciary act (section 723 of the Revised Statutes) is: "Suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate, and complete remedy may be had at law." Moreover, the provision guarantying jury trial in civil cases is not absolute in respect to jurisdiction, but is one that may be waived by the parties interested. It was designed to guard against oppression; it was the grant of a privilege; and therefore in cases like the present one, where each party resorts to equity, and prays for relief from the court of equity, each party waiving the right of trial by jury, the resort to a common-law court need not be enforced. "Cessante ratione, cessat et ipsa lex." The supreme court of the United States, in the course of its opinion, in the case of Scott v. Neely, 140 U. S. 109, 11 Sup. Ct. 712, says, passim:

"The constitution, in its seventh amendment, declares that in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. In the federal courts this right cannot be dispensed with, except by the assent of the parties entitled to it."

The pleadings in this cause show that both parties to the suit have not only assented to the equity jurisdiction, but have voluntarily invoked it. The demurrer must therefore be overruled.