## NOWATA OIL & REFINING CO. v. ELLIOTT.

District Court, N. D. Oklahoma. April 23, 1929.

No. 436.

Randolph, Haver, Shirk & Bridges, of Tulsa, Okl., for plaintiff.

Neal E. McNeill, of Tulsa, Okl., for defendant.

KENNAMER, District Judge. ■ This action was instituted to compel the defendant to convey to the plaintiff a certain leasehold estate, which it is alleged he purchased with funds of the plaintiff at a time when he occupied a position of trust with the plaintiff. It is charged in the bill that the lease was obtained in the name of the defendant, when he was the president of the plaintiff corporation, and that the defendant holds the title thereto for the use and benefit of the plaintiff, and seeks a decree to compel a conveyance of the lease to the complainant. The defendant's answer admits the allegations of complainant's bill concerning the obtaining of the lease, and admits that same was acquired with funds of plaintiff, but seeks to set up a counterclaim or cross-action against plaintiff to recover a sum of money alleged to be due defendant for legal services rendered in connection with the obtaining of the lease, which is the subject of plaintiff's cause of action, and in addition thereto seeks to recover by way of a cross-action, a sum alleged to be due for legal services rendered complainant in other transactions, and compensation for services as general counsel for complainant. Plaintiff has filed a motion to strike the portions of defendant's answer which set up the claims for compensation.

It appears from the answer and cross-bill of defendant that the claim set forth is properly to be asserted at law. The claim for compensation for such services should be presented in a law action, and cannot constitute a proper counterclaim in equity. The question herein presented has been determined by the United States Supreme Court, in the case of American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306. See, also, Hyde v. Blaxter (C. C. A.) 299 F. 167.

■ Equity rule No. 30, controls what may be set up in answers in equity suits. Equitable counterclaim or set-off arising out of the transaction which constitutes the subject-matter of complainant's bill, must be set up by the defendant, in order to end litigation, or the same will be waived; all other equitable claims which the defendant has against the plaintiff in such actions may be set up in the answer, but such cross-actions are limited to those which can constitute separate or independent suits in equity. This for the purpose of shortening litigation. Legal claims and demands cannot be set up in defendant's answer to a bill in equity, whether the same grew out of the transaction upon which complainant's bill is based or not. The reason for denying a defendant the right of setting up a legal counterclaim growing out of the transaction involved in the

action is the constitutional guaranty of a jury trial in law actions. Defendant insists that he should be permitted to set up a legal claim, as it is within his power to waive his right to a jury trial and to submit to a trial by the court sitting in equity. The answer to such a contention is that the plaintiff has the same guaranty to a jury trial in law actions as the defendant, and has the right to a jury trial in resisting claims which are for law. For that reason, such legal counterclaims cannot be interposed in answers in equity suits. In discussing equity rule No. 30, Mr. Chief Justice Taft, in American Mills Co. v. American Surety Co., supra, said: "The rule should be liberally construed to carry out its evident purpose of shortening litigation, but the limitation of counterclaims to those which are equitable is imperative."

Defendant contends that plaintiff's motion to strike should be denied, because the answer seeks the enforcement of an attorney's lien upon the lease described in complainant's bill, for services rendered by defendant to plaintiff. The pleadings disclose that complainant is in actual possession of the lease. There are two classes of attorney's liens in Oklahoma, a charging lien, and a possessory or retaining lien. The charging lien attaches to money or property involved in litigation which the attorney is prosecuting for his client, and is one created by statute. The possessory or retaining lien is one which attaches to documents, papers, property, or money which is in the actual possession of the attorney; it is a common-law lien, based solely upon the fact of possession. State ex rel. v. Dyer, 126 Okl. 260, 259 P. 212; 6 C. J. p. 765, 766; Holmes v. Waymire, 73 Kan. 104, 84 P. 558, 9 Ann. Cas. 624.

In the instant case, no lien is asserted against any documents, or instruments of lease or conveyance, but the defendant asks to charge the leasehold estate with the lien he claims for legal services. He asks the court to decree him a lien on the leasehold estate, order it sold, and apply the proceeds to the payment of his alleged claim for services rendered the plaintiff corporation as its attorney. This claim of lien is asserted against the legal title to the leasehold estate, which the defendant holds in trust for the plaintiff. No such lien is provided for by the statute, and the alleged facts in the answer and cross-bill are not sufficient to create a lien recognized at common law.

Plaintiff's motion to strike the counterclaims set up in defendant's answer will be sustained; and it is so ordered.