## BREWSTER–GREENE et ux. v. SCOTT.
### No. 6093.

Circuit Court of Appeals, Ninth Circuit.
June 9, 1930.

See, also (C. C. A.) 26 F.(2d) 393.

W. E. Ferguson, of Holbrook, Ariz., for appellants.

Thorwald Larson, of Holbrook, Ariz., and Thomas W. Nealon and Thomas A. Flynn, both of Phœnix, Ariz., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This was a suit to foreclose a mortgage on real property. The complaint was in the usual form in such cases, but the breach relied on was a failure to pay taxes before delinquency, as stipulated in the mortgage. A few months after the original complaint was filed a supplemental complaint was also filed, alleging the maturity of the note and mortgage and the failure to pay the mortgage debt. Utterly ignoring the equity rules, the defendants filed five separate pleas, or answers, to the complaint and supplemental complaint. The first was called an answer and cross-complaint, though no affirmative relief was sought; the second, third, and fourth were cross-complaints, and the fifth was an answer to the supplemental complaint, embodying nearly everything contained in the former pleadings and adding nothing to the issues. The so-called answer and cross-complaint averred, in substance, that the mortgage in suit was given to secure the payment of the purchase price in part; that the executory contract, pursuant to which the deed and mortgage were executed and delivered, contained a stipulation wherein the plaintiff agreed to place the defendants in possession of the mortgaged premises not later than June 1, 1927, or as soon thereafter as plaintiff could evict a tenant who then occupied the premises under an unexpired lease; that the plaintiff did not place the defendants in possession on June 1, 1927, and did not evict the lessee therefrom; that the defendants were compelled to gain possession of the premises through an action at law on their part, and did not obtain possession until February 1, 1929. The three cross-complaints were for the recovery of damages for breach of the covenants contained in the deed, each cross-complaint alleging damages in the same amount. As already stated, the answer to the supplemental complaint added nothing to the issues. The court, on motion, dismissed the three cross-complaints and, on final hearing, entered a decree in favor of the plaintiff in accordance with the prayer of the complaint. The defendants have appealed.

The appellants first contend that the appellee could not maintain a suit to foreclose the mortgage so long as the tenant held possession of the mortgaged premises. Conceding this questionable proposition, the fact remains that the appellants were in peaceable and undisturbed possession of the premises at the time their answer was filed and at the time of final hearing, and were then in no position to raise that question. As said by the court in Patton v. Taylor, 7 How. (48 U. S.) 132, 159, 12 L. Ed. 637:

"These cases will show that a purchaser, in the undisturbed possession of the land, will not be relieved against the payment of the purchase-money on the mere ground of defect of title, there being no fraud or misrepresentation; and that, in such a case, he must seek his remedy at law on the covenants in his deed. That if there is no fraud, and no covenants to secure the title, he is without

remedy; as the vendor, selling in good faith, is not responsible for the goodness of his title, beyond the extent of his covenants in the deed."

There seems to be some contention that the suit was prematurely brought, because the appellants were not placed in possession before suit, but this contention is without merit. There was a breach of a condition of the mortgage at the time the suit was commenced and a cause of action had been accrued. The utmost the appellants could claim, under the most favorable view, would be a stay of proceedings in the pending suit until they were placed in possession of the mortgaged premises.

As already stated, the three cross-complaints are substantially the same, each asking damages, in the like amount, for breach of the warranty contained in the deed. Conceding, for present purposes, that they stated a cause of action in favor of the appellants, the remedy was at law, and such counterclaims are not available in a federal court of equity. Equity Rule 30 provides:

"The answer must state in short and simple form any counter-claim arising out of the transaction which is the subject matter of the suit, and may, without cross-bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

Construing this rule in Amer. Mills Co. v. Amer. Surety Co., 260 U. S. 360, 364, 43 S. Ct. 149, 151, 67 L. Ed. 306, the court said:

"The petitioner argues that must and may are here set over against one another for the purpose of enforcing the intention and effect of the rule to require the defendant in an action in equity to set out any counterclaim arising out of the subject-matter of the bill, but to leave it to the option of the defendant whether a counterclaim or set-off not arising out of the same transaction shall be interposed or shall be prosecuted by independent bill. The respondent contends that, while this may be correct, the counterclaim growing out of the same transaction must be an equitable claim, and not a legal one, as here. We concur in this view."

That the counterclaims here interposed were legal and not equitable does not admit of question.

The decree of the court below is therefore affirmed, without prejudice to the right of the appellants to pursue any remedy they may have at law.